**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,         :
                                :
                                :        ID No. K24M-07-007
                                :

        v.                        :
                                :
                                :

STEVEN FABI,              :
                                :
                                :

        Respondent.     :

Submitted:   August 9, 2024
Decided:     August 16, 2024

**<u>Supplemental Lethal Violence Protective Order</u>**

On this 16th day of August 2024, having considered the State's position regarding the proper scope of a Lethal Violence Protective Order ("LVPO"), and whether the LVPO prevents Mr. Fabi from residing in a camper on his family's property if his family maintains firearms or ammunition on the premises, it appears that:

1.     The Court held a Lethal Violence Protective Order ("LVPO") hearing in this matter on July 16, 2024. After the hearing, the Court issued a LVPO prohibiting Mr. Fabi from, *inter alia*, residing with another individual who owns, possesses, or controls firearms or ammunition for the duration of the LVPO.[1] At the hearing, the evidence demonstrated that Mr. Fabi lived in a camper on his parents'

---

[1] As contemplated by 10 *Del. C.* § 7704(d) & (j), the LVPO also prohibits Mr. Fabi from owning, possessing, purchasing, or controlling any firearm or firearm ammunition for a period of one year. The LVPO remains in effect until July 16, 2025.

property adjacent to their home. The evidence further demonstrated that his parents own and keep firearms in their home. During the hearing, the State also represented that Mr. Fabi has free access to his parents' residence for purposes of showering and everyday incidentals. Mr. Fabi did not contest those assertions.

2. At the conclusion of the hearing, the State raised the issue of whether Mr. Fabi's parents' home should be considered his residence for purposes of the LVPO. The State contended that it should be. Mr. Fabi contended that it should not.

3. The Court then invited the parties to provide supplemental written arguments regarding whether Mr. Fabi should be permitted to reside in a camper on his parents' property if there are any firearms in his parents' residence. The State timely filed its supplement on July 26, 2024. Mr. Fabi's response was due ten days thereafter, but he has elected not to respond.

4. After considering the State's argument, the Court agrees with the State's contention that Mr. Fabi's parents' residence should be considered his residence for purposes of this LVPO.[2] Mr. Fabi's camper is located on his parents' property and Mr. Fabi has free and unfettered access to their home. Under the circumstances of this case, their home is appropriately considered his residence. As a result, Mr. Fabi must not reside anywhere on his parents' property during the term of the LVPO if there are firearms anywhere on the property.

5. Accordingly, the Court hereby supplements the LVPO to clarify that Mr. Fabi is prohibited from residing anywhere on his parents' property, located at 4600 Holletts Corner Road, Clayton, Delaware 19938, in a camper or elsewhere, if there are any firearms or ammunition on the property. This Supplemental Order will remain in effect until July 16, 2025, subject to Mr. Fabi's rights pursuant to 10 *Del. C.* § 7704 (f). The State is responsible for notifying the appropriate law

---

[2] *See id*. § 7704(d)(3) (providing that an LVPO may "[p]rohibit the respondent *from residing with* another individual who owns, possesses, or controls firearms or ammunition.").

enforcement agency or agencies of the issuance of this Supplemental Order. Furthermore, because the Court issues this Order after the day of the hearing that resulted in the LVPO, this Supplemental Order shall be personally served on Mr. Fabi as soon as practical.[3]

**WHEREFORE**, the LVPO granted on July 16, 2024, is hereby **Supplemented** to include the additional conditions provided in paragraph 5 above. The LVPO is not otherwise modified by this Order and remains fully in effect.

**IT IS SO ORDERED.**


/s/Jeffrey J Clark
Resident Judge


oc:     Prothonotary
cc:     Jaevan C. Owens, DAG (Via Email)
        Mr. Steven Fabi (Certified Copy Via Personal Service and U.S. Mail)

---

[3] *See id.* §7704 (h) (requiring that the Court provide "a certified copy of the order to the petitioner and respondent after the hearing and before the petitioner and respondent leave the courthouse.").